**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **STAR DEHAARTE,** <br> **Plaintiff,** <br> **v.** <br> **DISTRICT OF COLUMBIA** <br> **Defendant.** | ) | **Case No. 26-cv-132 (GMH)** |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Star Dehaarte, who proceeds *pro se*, has filed suit against Defendant District of Columbia, raising, among other claims, the common law torts of negligent supervision and intentional infliction of emotional distress. Defendant moved for partial summary judgment on those claims, which the Court granted in part, finding that because Plaintiff had not shown she provided Defendant with notice of her claims under D.C. Code § 12-309, she could proceed on those claims only to the extent that she sought equitable relief and liquidated damages. *See Dehaarte v. District of Columbia*, No. 26-cv-132, 2026 WL 1283885, at *4–5 (D.D.C. May 11, 2026). Plaintiff has now filed a motion for reconsideration of that decision. For the foregoing reasons, this Court will deny Plaintiff's motion.[1]

## I. BACKGROUND

As noted in the Court's prior opinion, Plaintiff claims that on January 8, 2025, she

> slipped on ice outside the [District of Columbia Public Schools ("DCPS")] building where she worked and briefly lost consciousness. Upon recovering, she reported

[1] The most relevant docket entries for purposes of this Memorandum Opinion and Order are: (1) Plaintiff's motion for reconsideration, ECF No. 25 and its attachments; and (2) the District of Columbia's opposition, ECF No. 26 and its attachments. Plaintiff did not file a reply. The page numbers cited herein are those assigned by the Court's CM/ECF system.

> the incident to [the school's] Principal Shawna Dix and was taken to the hospital in an ambulance. On January 13, 2025, Plaintiff contacted DCPS administrators, including Dix, to inform them she had been diagnosed with a severe concussion and was unable to return to work until cleared by her physician. She also "requested medical leave related to her condition," and at the request of DCPS personnel, provided "medical documentation[.]" Plaintiff alleges that on that same day, Dix asserted at a staff meeting that Plaintiff was not injured and was instead attending women's health appointments.

*Dehaarte*, 2026 WL 1283885, at *2 (citations omitted) (quoting the record). Later, Plaintiff was given a negative teaching evaluation and, in August 2025, she was "separated from the school system." *Id.* (citation modified) (quoting the record).

Plaintiff filed this action in D.C. Superior Court in April 2025 and it was eventually removed to this Court. *See* ECF No. 1. As relevant here, Plaintiff claims that Defendant "is liable for the negligent supervision of Shawna Dix and other employees, whose actions caused harm to Plaintiff" andfor intentional infliction of emotional distress. ECF No. 1-1 at 93–94. More specifically, Plaintiff asserts that Dix, acting within the scope of her employment, "did not report[] or appropriately handle[]" Plaintiff's slip-and-fall injury and that Dix shared Plaintiff's confidential medical information with other DCPS employees. *Id.* at 92 (amended complaint); *see also id.* at 2 (original complaint claiming "negligent supervision/principal refused to report work injury and IIED public disclosure of sexual health").

Defendant moved to dismiss Plaintiff's claims and for partial summary judgment as to her common law tort claims on the basis that she failed to provide notice to Defendant as required by D.C. Code § 12-309, which provides:

> [A]n action may not be maintained against the District of Columbia for unliquidated damages to person or property unless, within six months after the injury or damage was sustained, the claimant, his agent, or attorney has given notice in writing to the Mayor of the District of Columbia of the approximate time, place, cause, and circumstances of the injury or damage. A report in writing by the Metropolitan

> Police Department, in regular course of duty, is a sufficient notice under this section.

D.C. Code § 12-309(a); *see also Dehaarte*, 2026 WL 1283885, at *4. The Court granted that branch of the motion in part, finding that Plaintiff had "not demonstrated that she complied with the statute." *Dehaarte*, 2026 WL 1283885, at *4. Accordingly, she could not pursue those tort claims to the extent that they sought unliquidated damages. *See id.* at *5.

About three months after that opinion was issued, Plaintiff filed her motion for reconsideration, which attached two emails from "notifications@origamirisk.com" to Plaintiff's personal email account—one dated January 17, 2025, titled "Incident Report # 1-25-00355 successfully submitted to ERisk" and one dated January 22, 2025, titled "Incident Report #25-00466 successfully submitted to ERisk," both of which note an incident date of January 8, 2025. ECF Nos. 25-1, 25-2. Plaintiff claims those emails are "newly available documentary evidence" that she complied with D.C. Code § 12-309 and, additionally, that the "run report and/or Patient Care Report" from the D.C. Fire and Emergency Medical Services Department of her January 8, 2025, ambulance ride—which she has requested but not, apparently, received—satisfies the statute. ECF No. 25 at 2 (initial capital letters omitted).

The Court's briefing schedule imposed deadlines of September 9, 2026, for Defendant's response to the motion for reconsideration and September 16, 2026, for Plaintiff's reply. *See* Minute Order (Aug. 26, 2026). Defendant timely filed its opposition arguing that the emails are not new evidence unavailable to Plaintiff when she opposed Defendant's earlier dispositive motion and that, as a substantive matter, the notices—which are not attached to Plaintiff's motion (only the emails are) but are attached to Defendant's opposition—do not satisfy the statute, nor would a

report from D.C. Fire and Emergency Medical Services Department. *See generally* ECF No. 26. Plaintiff did not file a reply.

## II. LEGAL STANDARD

Motions for reconsideration of interlocutory orders are governed by Rule 54(b) of the Federal Rules of Civil Procedure, which provides that "any order . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a [final] judgment."

Rule 54(b) does not define a standard for a court to apply when determining a request for reconsideration, but the D.C. Circuit has recognized that a court may "reconsider an interlocutory order 'as justice requires.'" *Capitol Sprinkler Inspection, Inc. v. Guest Servs., Inc.*, 630 F.3d 217, 227 (D.C. Cir. 2011) (quoting *Greene v. Union Mut. Life Ins. Co. of Am.*, 764 F.2d 19, 22 (1st Cir. 1985)). In light of that standard, which "leave[s] a great deal of room for the court's discretion," *Robinson v. District of Columbia*, 296 F. Supp. 3d 189, 192 (D.D.C. 2018) (quoting *Lewis v. District of Columbia*, 736 F. Supp. 2d 98, 102 (D.D.C. 2010)), courts in this Circuit and elsewhere have developed guidelines for the exercise of that discretion derived from bedrock principles of fairness, efficiency, and finality. First, "where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again." *Off. Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 167 (2d Cir. 2003) (quoting *Zdanok v. Glidden Co.*, 327 F.2d 944, 953 (2d Cir. 1964)); *accord, e.g.*, *Britt v. Wash. Metro. Area Transit Auth.*, No 23-cv-844, 2024 WL 5106544, at *3 (D.D.C. Dec. 13, 2024); *Henok v. Chase Home Fin., LLC*, 950 F. Supp. 2d 96, 101 (D.D.C. 2013). Second, "in order to promote finality, predictability and economy of judicial resources, 'as a rule a court should be loath[] to revisit its own prior decisions in the absence of extraordinary circumstances such as

where the initial decision was clearly erroneous and would work a manifest injustice." *Pueschel v. Nat'l Air Traffic Controllers' Ass'n*, 606 F. Supp. 2d 82, 85 (D.D.C. 2009) (citation modified) (quoting *Lederman v. United States,* 539 F.Supp.2d 1, 2 (D.D.C. 2008)); *see also, e.g.*, *Pilkin v. Sony Interactive Ent. LLC*, No. 17-cv-2501, 2020 WL 7339920, at *2 (D.D.C. Dec. 14, 2020) ("Although deciding whether to grant reconsideration lies within the Court's sound discretion, considerations of judicial economy and the obligation of the courts 'to secure the just, speedy, and inexpensive determination of every action and proceeding,' require 'good reason' before reopening matters once resolved." (citations omitted) (first quoting Fed. R. Civ. P. 1; and then quoting *In Def. of Animals v. NIH*, 543 F. Supp. 2d 70, 76 (D.D.C. 2008))). Accordingly, "[m]otions for reconsideration are generally 'disfavored' and granting them [is] an 'unusual measure.'" *Woods v. District of Columbia*, No. 20-cv-782, 2022 WL 17989326, at *2 (D.D.C. Dec. 29, 2022) (quoting *Walsh v. Hagee*, 10 F. Supp. 3d 15, 18 (D.D.C. 2013)).

A court may reconsider a prior order if the moving party "identif[ies] an 'intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *North v. United States Dep't of Just.*, 17 F. Supp. 3d 6, 8 (D.D.C. 2014) (quoting *Firestone v. Firestone,* 76 F.3d 1205, 1208 (D.C. Cir. 1996)); *see also, e.g.*, *Acon-Chen v. Duffy*, No. 24-cv-1529, 2026 WL 1998768, at *4 (D.D.C. July 10, 2026) ("[R]easons [warranting reconsideration] might include '(1) an intervening change in the law; (2) the discovery of new evidence not previously available; or (3) a clear error in the Court's previous order.'" (citation modified) (quoting *United States v. All Assets Held at Bank Julius, Baer & Co., Ltd.*, 315 F. Supp. 3d 90, 96 (D.D.C. 2018))). Courts widely agree that "[m]otions for reconsideration are not vehicles for either reasserting arguments previously raised and rejected by the court or presenting arguments that should have been raised previously with the court." *Roggio v. Fed.*

*Deposit Ins. Corp.*, No. 09-cv-1733, 2018 WL 7141320, at *1–2 (D.D.C. Aug. 17, 2018) (quoting *Lovely-Coley v. District of Columbia*, 255 F. Supp. 3d 1, 9 (D.D.C. 2017)). That is, a "motion for reconsideration is not a chance for a do-over," allowing litigants to present argument that they could have, but did not, raise in the briefing on the original motion. *Richards v. Eli Lilly & Co.*, No. 23-cv-242, 2024 WL 6895447, at *2 (S.D. Ind. June 28, 2024).

## III. DISCUSSION

Plaintiff's motion will be denied on both procedural and substantive grounds.

The procedural grounds require little discussion. First, the evidence Plaintiff provides is not "new evidence not previously available." *Acon-Chen*, 2026 WL 1998768, at *4. It comprises two emails addressed to Plaintiff's personal email address—not to her DCPS email address, which she no longer has access to, *see* ECF No. 12 at 1 ("Plaintiff was informed by DCPS that access to her work email records would only be available upon rehire. As a result, Plaintiff has not yet been able to access documentation and communications relevant to the case.")—from January 2025. She has not explained why they were not included as part of her opposition to Defendant's motion for partial summary judgment or her sur-reply, which were both filed in February 2026. *See* ECF Nos. 10, 12. Second, Plaintiff failed to respond to Defendant's arguments in opposition to her motion for reconsideration. The Court set a briefing schedule including a deadline for her reply brief; she is familiar with the concept of a reply brief, having seen Defendant's reply brief in further support of its motion to dismiss and for partial summary judgment and, indeed, responding to that with a sur-reply. It is well established in this District that, where a litigant fails to respond to arguments made by an opponent, the court may deem those arguments conceded. *See, e.g.*, *Abdullah v. Trump*, No. 05-cv-23, 2025 WL 1865033, at *2 (D.D.C. July 6, 2025) ("Mr. Abdullah failed to respond to by neglecting to file a Reply. Mr. Abdullah has therefore conceded these

arguments."), *aff'd*, No. 25-5318, 2026 WL 1700773 (D.C. Cir. June 4, 2026); *LaRochelle v. Lynott*, No. 22-cv-115, 2023 WL 6215365, at *4 (D.D.C. Sept. 25, 2023) ("Plaintiff did not respond to this argument in her reply[] and the court deems the argument conceded[.]" (citation to the record omitted)); *Harrington v. FDA*, 581 F. Supp. 3d 145, 150 (D.D.C. 2022) ("It is understood in this Circuit that when a plaintiff addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded." (citation modified) (quoting *Buggs v. Powell*, 293 F. Supp. 2d 135, 141 (D.D.C. 2003))); *Jbari v. District of Columbia*, 304 F. Supp. 3d 201, 210 (D.D.C. 2018) ("Jbari did not file a reply in support of his motion on this issue and therefore the court will treat the issue as conceded."); *Benton v. Laborers' Joint Training Fund*, No. 14-cv-1073, 2015 WL 7737304, at *1 (D.D.C. Dec. 1, 2015) ("Plaintiff has failed to file any reply to Defendant's opposition. As a result, the Court treats as conceded Defendant's argument[.]"); *David v. District of Columbia*, 489 F. Supp. 2d 45, 48 n.7 (D.D.C. 2007) ("Because Plaintiff . . . filed no reply to Defendant['s] . . . opposition, the undersigned will deem [the defendant's] argument conceded."). Plaintiff should be familiar with that principle, as she was warned that if she failed to respond to Defendant's arguments in its earlier motion, the Court could treat them as conceded.[2] *See* ECF No. 8.

Plaintiff's motion is also substantively deficient. As noted, section 12-309 requires notice in writing to be provided to the Mayor of the District of Columbia "of the approximate time, place, cause, and circumstances of the injury or damage" and that a "report in writing by the Metropolitan Police Department, in regular course of duty, is a sufficient notice under this section."[3] D.C. Code

[2] The Court recognizes that Plaintiff proceeds *pro se* and thus should be "allowed more latitude than [a] litigant[] represented by counsel." *Duffy v. Verizon Commc'ns, Inc.*, No. 05-cv-2005, 2007 WL 2506445, at *1 n.2 (D.D.C. Aug. 31, 2007) (quoting *Moore v. Agency for Int'l Dev.*, 994 F.2d 874, 876 (D.C. Cir. 1993)). Nonetheless, she is not "exempt[] from compliance with applicable rules and easily-comprehended court orders." *Id.*

§ 12-309(a). Compliance is mandatory and the provision "is to be construed narrowly against claimants." *Owens v. District of Columbia*, 993 A.2d 1085, 1088 (D.C. 2010) (quoting *Brown v. District of Columbia*, 853 A.2d 733, 736 (D.C. 2004)); *see also Dehaarte*, 2026 WL 1283885, at *4 ("[T]he statute 'is to be strictly construed because it is a departure from the common law concept of sovereign immunity.'" (quoting *Winston v. District of Columbia*, No. 23-cv-3832, 2025 WL 763763, at *8 (D.D.C. Mar. 11, 2025))). If a plaintiff has not provided notice as directed by the statute, neither "actual notice" nor "substantial[] compli[ance]" will save her claim. *See Owens*, 993 A.2d at 1089 (quoting *Chidel v. Hubbard*, 840 A.2d 689, 695 (D.C. 2004)).

Plaintiff's reports to "ERisk" are insufficient.[4] "[T]he general notice requirements of § 12–309 serve several important purposes: they (1) permit the District of Columbia to conduct an early investigation into the facts and circumstances surrounding a claim, (2) protect the District of Columbia against unreasonable claims, and (3) encourage prompt settlement of meritorious claims." *Id.*. Accordingly, notice must provide "the approximate time, place, cause, and circumstances of the injury or damage." D.C. Code. § 12-309(a). "'[C]ause' and 'circumstances' are separate elements of the [section] 12-309 requirement." *Washington v. District of Columbia*, 429 A.2d 1362, 1365 (D.C. 1981) (en banc). To satisfy the "cause" element, a report must "recite[] facts from which it could be reasonably anticipated that a claim against the District might arise," which means that "it must disclose both the factual cause of the injury and a reasonable basis for anticipating legal action as a consequence." *Id.* at 1366 (quoting *Pitts v. District of Columbia*, 391

[3] As noted in the Court's prior opinion, the Mayor's "duty to receive notice under [the statute] is delegated to the Office of Risk Management." *Dehaarte*, 2026 WL 1283885, at *4 (quoting *Turpin v. District of Columbia*, No. 22-cv-1807, 2022 WL 14807768, at *2 (D.D.C. Oct. 26, 2022)).

[4] Defendant does not argue that those reports went to the wrong agency, so the Court assumes that they constituted reports to the Office of Risk Management. *See Turpin*, 2022 WL 14807768, at *2.

A.2d 803, 809 (D.C. 1978)). To satisfy the "circumstances" element, a report "must be detailed enough for the District to conduct a prompt, properly focused investigation of the claim." *Id.*

Plaintiff's reports to ERisk do not provide sufficient detail of either the cause or circumstances of Plaintiff's injury to satisfy the statute. They relate that Plaintiff slipped on ice while walking into the school building and got a concussion. *See* ECF No. 26 at 16; *see also id.* at 18, 23–24, 35–36, 48. They seek "[c]ontinuation of regular pay" for a period of time, workers compensation, compensation for loss of wage-earning capacity, and leave without pay. *Id.* at 17, 24–25, 36–37, 50. That is, they report only the slip and fall incident on January 8, 2025. But that is not the basis of Plaintiff's common law tort claims in this action. Plaintiff does not, for example, allege a premises liability cause of action based on a failure to keep the walkway clear of ice. Rather, her claims of negligent supervision and intentional infliction of emotional distress are founded on the conduct of Principal Dix following the accident—specifically the principal's alleged failure to "report[] or appropriately handle[]" Plaintiff's injury and public airing of Plaintiff's private medical information. ECF No. 1-1 at 92. The ERisk reports do not provide the time or place of that conduct, let alone alert Defendant that Plaintiff would be filing claims for negligent supervision and intentional infliction of emotional distress or provide sufficient information to allow Defendant to investigate such claims. Accordingly, they do not comply with section 12-309's requirement to provide notice to Defendant.

Turning to the—at this point, merely conjectural—report from the D.C. Fire and Emergency Medical Services Department, such a report would almost certainly be similarly deficient in providing notice of the common law tort claims asserted here because there is no reason to think the department had knowledge of Dix's alleged tortious conduct. It would also fail because the statute does not recognize a report from the fire department as satisfactory notice.

"The only statutory exception to the requirement of formal notice to the Mayor is an *MPD report*, and [courts] are 'not free to go beyond the express language of the statute and authorize any additional documents to meet its requirements.'" *Owens*, 993 A.2d at 1089 (emphasis added) (quoting *Doe ex rel. Fein v. District of Columbia*, 697 A.2d 23, 28 (D.C. 1997)). Indeed, as Defendant points out, the D.C. Court of Appeals has expressly found that a report from the D.C. Fire Department *does not* satisfy the statute. *See Campbell v. District of Columbia*, 568 A.2d 1076, 1078 (D.C. 1990).

Accordingly, Plaintiff's motion must be denied.

## IV. CONCLUSION

For the reasons stated above, the Court denies Plaintiff's motion for reconsideration, ECF No. 25, as both procedurally and substantively deficient. Her common law tort claims still survive to the extent that they seek a declaratory judgment and back pay and benefits. *See Dehaarte*, 2026 WL 1283885, at *5.

**SO ORDERED.**

G. Michael Harvey

Date: October 23, 2026

G. MICHAEL HARVEY
UNITED STATES MAGISTRATE JUDGE